29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Plaintiff-Appellant,
v.
Glen PARIN, Deputy Warden; Sgt. Nuti, Defendants-Appellees.
 No. 93-15448.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary St. Hilaire appeals pro se the district court's judgment in favor of defendants following a bench trial in St. Hilaire's 42 U.S.C. Sec. 1983 prisoner civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 In May 1990, St. Hilaire submitted a grievance alleging that Ken Paulley, the food service manager, was sexually harassing a female employee. Upon reading the grievance, Paulley instructed a corrections officer to cite St. Hilaire for misrepresenting the truth. After a formal investigation, the Department of Corrections found St. Hilaire not guilty of this offense on June 7, 1991. Later that day, St. Hilaire was stopped by Paulley and defendant Nuti while leaving the dining hall. Nuti told St. Hilaire, who was on a medically prescribed no-fish diet, that he had to start eating three meals a day on the "diet" serving line or else he would loose his no-fish diet card. Prior to June 7, 1991, St. Hilaire had eaten from the diet line only when fish was served on the regular line. Because meals served on the diet line were typically baked rather than fried and fewer spices were used in preparing them, St. Hilaire considered these meals bland. Rather than comply with this regulation and use the condiments available on the table to add flavor, St. Hilaire turned in his diet card. St. Hilaire admits that he never even tried the food served on the diet line.
 
 
 4
 St. Hilaire filed a complaint in the district court alleging that the above conduct violated his civil rights, and requested prison officials to admit pursuant to Fed.R.Civ.P. 36 that they retaliated against St. Hilaire because of his exercise of his constitutional rights. Because prison officials failed to respond to St. Hilaire's request for admissions, despite numerous opportunities to do so, prison officials were deemed to have made this admission. The district court further ordered prison officials not to introduce any evidence at trial that controvert their admissions. After a bench trial, the district court found in favor of prison officials in a ruling from the bench.
 
 
 5
 On appeal, this court remanded this action for the limited purpose of permitting the district court to make explicit findings of fact and law on St. Hilaire's claims. We now consider St. Hilaire's contentions on their merits.
 
 DISCUSSION
 A. Evidentiary Issues
 
 6
 St. Hilaire contends that the district court erred by admitting into evidence one of defendants's exhibits and by denying St. Hilaire's request to call a witness. We review these evidentiary rulings for an abuse of discretion. R.B. Matthews, Inc. v. Transamerica Transp. Servs., 945 F.2d 269, 272 (9th Cir.1991); Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1989).
 
 
 7
 At trial, defendant's introduced a copy of a prison policy requiring prisoners with a special diet to eat from the special diet line. St. Hilaire argues that the district court erred by admitting this evidence because the policy tended to contradict defendants' admission that they had retaliated against St. Hilaire for filing grievances. We disagree. Although St. Hilaire is correct that defendants admitted their retaliation, the law of this circuit nevertheless requires that in a retaliation case the court must look to whether there was a legitimate penological purpose for the alleged retaliation. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985). Here, the prison policy was relevant to establish a legitimate penological purpose for the defendants' actions. Thus, the district court did not abuse its discretion in admitting this evidence.
 
 
 8
 St. Hilaire also contends that the district court erred by denying him permission to introduce live testimony of a witness who would testify that some prisoners selected meals from either line without first obtaining permission. We disagree. Because St. Hilaire's witnesses would testify to facts that were uncontested at trial, the district court did not abuse its discretion. See Fed.R.Evid. 403.
 
 B. Findings of Fact
 
 9
 St. Hilaire contends that the district court erred by finding that prison officials were acting pursuant to a legitimate prison policy and that prisoners who made prior arrangements could switch between serving lines.[1] We review the district court's findings of fact under the clearly erroneous standard. San Vicente Medical Partners Ltd. v. Orr (In re San Vincente Medical Partners Ltd.), 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 U.S. 210 (1992). This standard applies even if the district court adopts proposed findings of fact submitted by a party. Anderson v. Bessmer, 470 U.S. 564, 571-73 (1985). Under this standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even ... [if we] would have weighed the evidence differently." Service Employees Int'l Union v. Fair Political Practices Comm., 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 112 S.Ct. 3056 (1992).
 
 
 10
 Here, the district court heard the testimony of two prison officials and received into evidence a copy of the food service policy requiring inmates on a special diet to eat from the special diet serving line. The district court also heard testimony that some prisoners on special diets, for example Native Americans, changed diet lines after advance arrangements were made with the food service office. Although St. Hilaire introduced testimony that the policy may have been honored more in the breach than in practice, because the district court's findings are plausible in light of the entire record, they are not clearly erroneous.[2] See id.
 
 C. Civil Rights Violation
 
 11
 St. Hilaire contends that the district court erred by finding that defendants' actions did not amount to a civil rights violation. We disagree. Under Rizzo to state a claim for retaliation, St. Hilaire must allege that the (1) the type of activity he was engaged in was protected, (2) the state impermissibly infringed on his right to engage in the protected activity, and (3) the prison authorities' retaliatory action served no legitimate penological interest. See 778 F.2d at 531-32. Defendants, through their Rule 37 admissions, conceded the first two prongs of the Rizzo test. Nevertheless, at trial defendants were able to demonstrate a legitimate penological purpose, the third prong. Therefore, the district court did not err by finding that St. Hilaire's civil rights were not violated.[3] See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his supplemental brief, St. Hilaire contends that he was harmed by the district court's ex parte invitation to defendants to submit proposed findings of fact and law after this court remanded this action to the district court for that purpose. A better practice, and apparently the one contemplated by Local Rule 47, would be to serve a copy of the request for proposed findings of fact and law and the proposed findings on St. Hilaire so he could file objections. Nevertheless, we find this error to be harmless in light of the entire district court record, especially the district court's oral findings of fact and law issued from the bench
 
 
 [2]
 St. Hilaire's remaining contentions are legally frivolous; therefore, we reject them without further discussion
 
 
 [3]
 St. Hilaire argues that the district court should have applied the standard articulated in Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir.1989), because Soranno's substantially modifies Rizzo. We disagree. Rizzo states the law of this circuit regarding retaliation claims in the prison context while Soranno's states the requirements to state a retaliation claim in the public employment context. Compare Rizzo, 778 F.2d at 531-32 with Soranno's, 874 F.2d at 1310